[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This case is a suit by the plaintiff to recover alleged unpaid insurance premiums. According to the complaint the plaintiff agreed to provide coverage, the defendant agreed to make premium payments but did not. The policy was issued on September of 1991.
The defendant has filed a motion for summary judgment. Attached to the motion is a copy of an earlier complaint filed by this plaintiff against the same defendant. This complaint alleges that as to a September 1990 policy the plaintiff agreed to provide insurance coverage. The complaint goes on to allege that the defendant agreed to pay an initial premium for the coverage CT Page 12204 and to pay an additional premium based on an audit of the policies to be conducted by the plaintiff. According to the audit the plaintiff claimed to be due $8,674.
In November 1992 before the present suit was instituted another department of the defendant company settled the first suit which was withdrawn by means of a "General Release". This release uses the ordinary language of releases of this type. It releases the defendant from any cause of action from the beginning of the world in fact to the day of the signing of the release "and particularly but without in any matter limiting the foregoing on account of a failure to pay an insurance audit."
The defendant claims he paid good money for the release and an affidavit filed by the president of the defendant corporation said the corporation expected the settlement would resolve all claims of the insurance carrier. Interestingly there is nothing in the affidavit to indicate Mr. Fontana was even aware of the present claim although he does say he wouldn't have settled the first claim if he'd been "aware that the carrier intended to assert additional similar claims."
The question presented is whether there is a genuine issue of material fact or perhaps better put, does the existence of the general release prevent the bringing of the present suit for premiums.
First it should be said that both claims are similar only in a broad use of that word. The first suit involved a situation where an initial premium was paid but there was a failure to pay an adjusted premium which is apparently often charged for worker compensation coverage. The second and present suit was brought for a failure to pay premiums on a policy issued a year subsequent to the policy that was the subject of the earlier action.
The case of Blakeslee v. Water Commission, 121 Conn. 163, 185
(1936) seems to be dispositive on the issue of whether this motion should be granted. There the court said: "the general words in a release are limited always to that thing or those things which were specially in the contemplation of the parties at the time when the release was given. But a dispute that had not emerged or a question which had not arisen at all cannot be considered as bound and concluded by the anticipatory words of a general release." Determining the intent of the parties is CT Page 12205 ordinarily a factual matter which can't be resolved by a motion for summary judgment Voll v. Lafayette Bank Trust Co.,223 Conn. 419, 426 (1992).
A general release is like any other contract and its words must be interpreted according to the standards of ordinary usage. The general release here refers to monies owed as the result of "failure to pay an insurance audit". That apparently has a technical meaning and does not encompass a situation where an initial premium is not paid.
The defendant also does not sufficiently raise a claim of detrimental reliance or reasonable contractual expectations since there is no indication that the corporation was even aware of the claim that now forms the subject of this present litigation.
The motion for summary judgment is denied.